## BATEMAN–SWITZER CO. v. WHALEY, Internal Revenue Collector, et al.

### No. 26.

District Court, D. Montana.
Oct. 10, 1931.

Cooper, Stephenson & Hoover, of Great Falls, Mont., for plaintiff.

W. D. Rankin, U. S. Atty., of Helena, Mont., for defendants.

PRAY, District Judge.

This is an action for the recovery of $1,659.46, which was assessed and collected as a penalty, and paid under protest by plaintiff on the ground that defendant was without authority in law to impose such a penalty under the facts here. The only issue is upon the interpretation of the statute involved, which reads as follows: "That whoever fails to make any return required by this Act or the regulations made under authority thereof within the time prescribed or who makes any false or fraudulent return, and whoever evades or attempts to evade any tax imposed by this Act or fails to collect or truly to account for and pay over any such tax, shall be subject to a penalty of not more than $1,000, or to imprisonment for not more than one year, or both, at the discretion of the court, and in addition thereto a penalty of double the tax evaded, or not collected, or accounted for and paid over, to be assessed and collected in the same manner as taxes are assessed and collected, in any case in which the punishment is not otherwise specifically provided." Section 1004, title 10, Revenue Act of October 3, 1917 (40 Stat. 325).

Plaintiff contends that, until the person accused is convicted of one or more of the offenses above enumerated, there is no basis for the imposition of the additional penalty. The position of the defendants is that, where a false or fraudulent return is alleged to have been filed, a conviction is not a condition precedent to the assessment and collection of the penalty; in other words, that the Commissioner may find him guilty and impose the penalty, irrespective of the outcome of the trial of the accused in court by a jury. The mere statement of the propositions of the respective parties ought to enable one familiar with the interpretation of ordinary criminal statutes to answer the question without elaborate argument or citation of authorities. The language of the section itself would clearly indicate that, before anything can be done, the person accused must be formally charged with one or more of the offenses, and brought to trial and convicted as in other cases of like character; after that would follow the judgment of the court imposing a fine or imprisonment, or both, "and in addition thereto a penalty of double the tax evaded. * * *" Here as in other criminal cases the accused is presumed to be innocent of the charge preferred against him until he is found guilty by a jury in the usual manner, and, if he is convicted, he incurs, by operation of law, a double penalty, that is to say a penalty of double the tax evaded, etc.

I have carefully examined the briefs and authorities cited by counsel and shall have to admit that the five lawyers whose names appear on the brief for defendants have made an able and ingenious argument in support of their views, but the language of the statute in question is so plain that one cannot fail to understand the intent of Congress in enacting it, and no rules or regulations or custom of the Bureau heretofore observed should prevent the court from being governed by the ordinary rules of interpretation of statutes.

Accordingly, judgment will be entered for the plaintiff herein, with costs.